## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JAMIL RUDKIN** <br> 380 Forest Beach Road <br> Annapolis, MD 21409, <br><br> *Plaintiff* <br><br> v. <br><br> **CASHCALL, INC.** <br> 17360 Brookhurst <br> Fountain Valley, CA 92708 <br><br> Serve on: <br><br> **National Registered Agents, Inc. of MD** <br> **351 W. Camden Street** <br> **Baltimore, MD 21201,** <br><br> *Defendant*. | * <br> * <br> * <br> * <br> *   Civil Action No.: 1:15-cv-3195 <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Plaintiff Jamil Rudkin, through his undersigned counsel and for his Complaint alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, (hereinafter the "TCPA"); the Maryland Telephone Consumer Protection Act, Md. Code Ann., Com. Law, § 14-3201, *et seq.* (hereinafter the "MTCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (hereinafter "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com.

1

Law, § 13-101, *et seq*. (hereinafter the "MCPA").

2. This is a case about frequent robocalls made to a consumer in violation of the TCPA, MTCPA, MCDCA, and MCPA.

3. Under the TCPA, a company cannot use an autodialer to call cell phones. See 47 U.S.C. § 227(b)(1)(A)(iii). An autodialer or "automatic telephone dialing system" is a system which need only have "the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers." 47 C.F.R. § 64.1200(f)(2).

4. Creditors and debt collectors can make these calls with express written consent of the consumer. Many contracts contain a clause providing for this consent. However, new FCC rules clarify that a consumer can revoke this consent at any time, by any reasonable means, which is what occurred in this case.

5. Defendant violated the TCPA by continuing to place calls to the Plaintiff's cell phone after he had revoked his consent for such calls.

6. Under the MTCPA a separate state law cause of action exists for a violation of the TCPA in Maryland.

7. The MCDCA prohibits creditors and debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14–201 to 14–204. Specifically, under the MCDCA, a creditor or debt collector is prohibited from communicating with the debtor or a person related to him with the frequency, at the unusual

hours, or in any other manner as reasonably can be expected to abuse or harass the debtor.

8.   The MCPA prohibits "unfair or deceptive trade practices," Md. Code Ann., Com. Law § 13–301, and expressly designates as "unfair or deceptive trade practices" those that constitute any violation of the MTCPA or the MCDCA.

## JURISDICTION AND VENUE

9.   Jurisdiction arises under the TCPA, 47 U.S.C. § 227, and 28 U.S.C. § 1331. Jurisdiction also arises under 28 U.S.C. § 1332 because this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

10.   Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

11.   Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts that give rise to the claim occurred within this District. Additionally, Plaintiff resides within the District of Maryland.

## PARTIES

12.   The Plaintiff to this lawsuit is Jamil Rudkin who resides in Anne Arundel County, Maryland. Plaintiff was at all times a "consumer" as defined in the MCPA, Md. Code Ann., Com Law, § 13-101(c)(1). Plaintiff is a "person" as that term is defined by the MCDCA and MCPA, Md. Code Ann., Com Law, §§13-101(h) and 14-201(d).

13.   The Defendant to this lawsuit is CashCall, Inc., a foreign corporation

that is registered to conduct business in Maryland and initiates telephone calls or messages for the purpose of collecting monies it alleges to be owed from a consumer. At all relevant times Defendant acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA

14. The acts of Defendant alleged herein were performed by its respective employees acting within the scope of their actual or apparent authority.

## FACTUAL ALLEGATIONS

### A. The Subject Debt

15. Plaintiff incurred and later allegedly defaulted on a debt (the "subject debt") allegedly owed to Defendant.

16. The subject debt allegedly arose out of the lease of a loan the proceeds of which were used primarily for personal, family, or household purposes.

### B. Defendant Engages in Abusive and Deceptive Tactics

17. Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communication Commission's (FCC's) implementing rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("autodialer") or an

artificial or prerecorded voice to a wireless telephone number without prior express consent. If the call includes or introduces an advertisement or constitutes telemarketing, consent must be in writing. If an autodialed or prerecorded call to a wireless number is not for such purposes, the consent may be oral or written.

18. The consent required under the TCPA may be revoked by the consumer, and effective June 18, 2015, FCC clarified in its regulations how a consumer can revoke the prior consent:

> Consumers have a right to revoke consent, using any reasonable method including orally or in writing. Consumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities. We find that in these situations, callers typically will not find it overly burdensome to implement mechanisms to record and effectuate a consumer's request to revoke his or her consent.

*See* FCC 15-72, ¶¶ 55-70.

19. Plaintiff has a telephone number xxx-xxx-5270, that is assigned to a cellular telephone service.

20. In March, 2015, Plaintiff began receiving a high volume of telephone calls from Defendant to telephone number xxx-xxx-5270. Plaintiff started keeping track of these calls in mid-July and has records of the following calls being made to to telephone number xxx-xxx-5270 by the Defendant:

| Date | Called From | Calls Made |
|---|---|---|
| 7/17/15 | 619-655-4490 | 6 |
| 7/17/15 | 916-589-8603 | 2 |

5

| | | |
|---|---|---|
| 7/20/15 | 215-933-3520 | 5 |
| 7/20/15 | 866-899-1844 | 2 |
| 7/20/15 | 803-335-1437 | 3 |
| 7/21/15 | 910-401-3021 | 4 |
| 7/21/15 | 252-389-8131 | 1 |
| 7/21/15 | 843-376-5916 | 3 |
| 7/22/15 | 513-331-7519 | 5 |
| 7/22/15 | 706-956-0335 | 2 |

21. On August 14, 2015, at 3:23 p.m. EST, Plaintiff spoke with an employee of Defendant on the phone and expressly revoked his consent for the Defendant to call him on telephone number xxx-xxx-5270.

22. Despite this express revocation of consent Defendant intentionally continued to make the following calls to telephone number xxx-xxx-5270 in direct violation of the TCPA:

| **Date** | **Time (EST)** | **Number call came from** |
|---|---|---|
| 8/18/15 | 7:05 p.m. | 562-391-1423 |
| 8/21/15 | 11:01 a.m. | 773-634-8721 |
| 8/22/15 | 11:01 a.m. | 773-634-8721 |
| 8/22/15 | 12:16 p.m. | 773-634-8721 |
| 8/22/15 | 1:42 p.m. | 773-634-8721 |
| 8/22/15 | 3:04 p.m. | 773-634-8721 |
| 8/22/15 | 4:48 p.m. | 773-634-8721 |

| | | |
|---|---|---|
| 8/23/15 | 11:03 a.m. | 704-764-1067 |
| 8/23/15 | 1:07 p.m. | 704-764-1067 |
| 8/23/15 | 2:35 p.m. | 704—764-1067 |
| 8/25/15 | 11:02 a.m. | 858-333-8530 |
| 8/25/15 | 12:23 p.m. | 858-333-8530 |
| 8/25/15 | 1:55 p.m. | 858-333-8530 |
| 8/25/15 | 3:50 p.m. | 858-333-8530 |
| 8/26/15 | 11:02 a.m. | 336-792-7637 |
| 8/26/15 | 12:26 p.m. | 336-792-7637 |
| 8/26/15 | 1:45 p.m. | 336-792-7637 |
| 8/26/15 | 3:36 p.m. | 336-792-7637 |
| 8/26/15 | 4:36 p.m. | 314-720-1481 |
| 8/27/15 | 8:03 p.m. | 601-326-1569 |
| 8/28/15 | 11:01 a.m. | 601-326-1569 |

23.     On information and belief, when Defendant made these calls, it used equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and/or a predictive dialer; with the capacity to dial such numbers.

**CAUSES OF ACTION**

**COUNT I**
**(Violations to the Telephone Consumer Protection Act)**
**47 U.S.C. § 227(b)(3)(B) & (C)**

24. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

25. On information and belief, Defendant used an automatic telephone dialing system as defined by 47 U.S.C. § 227 (a)(1) when it made each and every call to Plaintiff's number assigned to a cellular telephone in the last four years.

26. On information and belief, Defendant did not have Plaintiff's prior express permission prior to contact Plaintiff at his wireless number using an automatic telephone dialing system.

27. Any prior express permission to contact Plaintiff at his wireless number using an automatic telephone dialing system was expressly revoked on August 14, 2015, at 3:23 p.m. EST

28. Defendant made the calls to Plaintiff willfully.

29. Defendant made the calls to Plaintiff knowingly.

30. Defendant's acts in making the calls to Plaintiff were not accidental.

31. Plaintiff's privacy has been invaded as a result of Defendant's acts.

32. Defendant's conduct violated 47 U.S.C. § 227 (b)(1)(A)(iii).

33. Plaintiff seeks damages under the TCPA for any and all calls that Defendant made to telephone number xxx-xxx-5270 in violation of the TCPA and the rules, regulations and orders promulgated by the FCC including but not

limited to damages for any calls that Defendant made which Plaintiff is unaware of to telephone number xxx-xxx-5270 after August 14, 2015, at 3:23 p.m. EST.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant.

## COUNT II
### (Injunctive Relief under the Telephone Consumer Protection Act)
### 47 U.S.C. § 227(b)(3)(A)

34. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

35. Plaintiff request that this Court grant it injunctive relief preventing Defendant, their agents, employees, representatives or their successors and assigns from taking any action contrary to or in violation of any part of the TCPA 47 U.S.C. § 227 pursuant to 47 U.S.C. § 227 (b)(3)(A).

WHEREFORE, Plaintiff prays that judgment be entered against Defendant.

## COUNT III
### (Violation of the Maryland Telephone Consumer Protection Act)
### Md. Code Ann., Com. Law, § 14-3201, *et seq*.

36. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

37. Under the MTCPA a person may not violate the TCPA in Maryland.

38. As alleged above, Defendant's conduct violated 47 U.S.C. § 227 (b)(1)(A)(iii) of the TCPA.

39. Plaintiff seeks damages under the MTCPA for any and all calls that Defendant made to telephone number xxx-xxx-5270 in violation of the TCPA and the rules, regulations and orders promulgated by the FCC including but not

limited to damages for any calls that Defendant made which Plaintiff is unaware of to telephone number xxx-xxx-5270 after August 14, 2015, at 3:23 p.m. EST.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant.

### COUNT IV
### (Violation of the Maryland Consumer Debt Collection Act)
### Md. Code Ann., Com. Law, § 14-201, *et seq*.

40. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

41. Plaintiff incurred the subject debt primarily for personal, family, or household purposes and are therefore a "consumer transaction" as that term is defined by the Maryland Consumer Debt Collection Act.

42. As alleged above, in its attempts to collect the aforementioned subject debt, Defendant violated Md. Com. Code § 14-202(6) when it communicated with the Plaintiff with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the Plaintiff.

43. As a direct consequence of the acts, practices and conduct of Defendant, Plaintiff suffered emotional distress.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant.

### COUNT V
### (Violation of the Maryland Consumer Protection Act)
### Md. Code Ann., Com. Law, § 13-101, *et seq*.

44. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

45. Plaintiff is a consumer as defined by the MCPA, Maryland Code

Annotated, Commercial Law § 13-101(c).

46. Under § 13-301(14)(iii) and (xx) of the MCPA, unfair or deceptive trade practices also include any violation of the MCDCA and the MTCPA.

47. As a direct consequence of the acts, practices and conduct of Defendant, Plaintiff suffered emotional distress.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Jamil Rudkin respect,fully prays for a judgment against Defendant as follows:

a. Damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of at least $500 for each such act that this Court finds were not made willfully or not made knowingly;

b. Damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of $1,500 for each such act that this Court finds were made willfully or were made knowingly; and

c. Damages in an amount in excess of $75,000.00 pursuant to Md. Code. Ann., Com. Law. § 14-203; and Md. Code Ann., Com. Law § 13-408;

d. Costs of litigation and reasonable attorney's fees pursuant to Md. Code Ann., Com. Law § 13-408; and Md. Code Ann., Com. Law § 14-3202(b)(1);

e. An order granting Plaintiff injunctive relief pursuant to 47 U.S.C. § 227 (b)(3)(A) to prevent Defendant, its agents, employees, representatives or their successors and assigns from taking any action contrary to or in violation of

any part of the TCPA, 47 U.S.C. § 227; and

 f. For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Dated: October 20, 2015   Respectfully Submitted,

        */s/ E. David Hoskins*
        E. David Hoskins, Esq., Bar No. 06705
        THE LAW OFFICES OF E. DAVID HOSKINS, LLC
        16 East Lombard Street, Suite 400
        Baltimore, Maryland 21202
        (410) 662-6500 (Tel.)
        davidhoskins@hoskinslaw.com


        */s/ Steven B. Isbister*
        Steven B. Isbister, Esq., Bar No.14123
        THE LAW OFFICES OF E. DAVID HOSKINS, LLC
        16 East Lombard Street, Suite 400
        Baltimore, Maryland 21202
        (410) 662-6500 (Tel.)
        stevenisbister@hoskinslaw.com